UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2010 MAR -2 P 3: 17

D. HACKETT, CLK

| | |
|---|---|
| Tracy Wedgeworth and Susie Wedgeworth, ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> **Greenbriar Apartments**, a domestic ) <br> company, **Holloway Credit Bureau** ) <br> **Companies,** a domestic limited liability ) <br> company, **Result Matrix, Inc. d/b/a** ) <br> **Straight Arrow Screening** a foreign ) <br> company, **Equifax Information** ) <br> **Services, LLC**, a foreign Limited liability ) <br> company, **Trans Union, LLC,** a foreign ) <br> limited liability company, ) <br> Defendants. ) | Civil Action No.: 2:10-CV-184-WHA-CSC <br> **Plaintiff Demands Jury Trial** |

## COMPLAINT

**COMES NOW** the Plaintiffs, by and through undersigned counsel, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and/or punitive damages, including injunctive and declaratory relief, brought by individual consumers (hereinafter referred to as "Plaintiffs") against Defendants, jointly and severally, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as "the FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), the Alabama Deceptive Trade Practices Act, Ala. Code 1975, § 18-9-1, *et seq.* (hereinafter referred to as "the ADTPA"), and state common law causes of action.

### JURISDICTION AND VENUE

Page 1 of 17

2. Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Defendants' violations of Plaintiffs' rights, as alleged herein, occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of Alabama.

## PARTIES

3. Plaintiffs Tracy Wedgeworth and Susie Wedgeworth (hereinafter referred to as "Plaintiffs") are natural persons and residents and citizens of Tuscaloosa County, the State of Alabama, and of the United States.  Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975, § 8-19-3(2).

4. Defendant Greenbriar Apartments (hereinafter referred to as "Greenbriar" or "Defendant") is a domestic business that regularly furnishes information on consumers to consumer reporting agencies.

5. Defendant Result Matrix, Inc. d/b/a Straight Arrow Screening (hereinafter referred to as "Straight Arrow" or "Defendant") is a foreign corporation that regularly furnishes information on consumers to consumer reporting agencies.

6. Defendant Holloway Credit Bureau Companies (hereinafter referred to as "HCDC" or "Defendant") is a domestic limited liability company engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where HCDC regularly collects or attempts to collect debts owed or

due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

7. Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

8. Defendant Trans Union, LLC (hereinafter referred to as "Trans Union" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Trans Union is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

**Defendants Greenbriar and Straight Arrow**

9. Plaintiffs reincorporate by reference herein paragraphs one (1) through eight (8).

10. Plaintiffs filed for Chapter 7 debt relief under Title 11 of the United States Bankruptcy Code and were discharged on July 16, 2008.[1]

11. Notwithstanding the aforesaid, Defendants continue to report Plaintiffs' accounts to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having current balances due and payable, rather than reflecting that such were discharged in bankruptcy. For example:

---

[1] United States Bankruptcy Court for the Middle District of Alabama, Case No.: 08-30484.

a. Greenbriar reported, and continues to report, to Equifax that Plaintiff has an outstanding balance with, and remains personally liable to, Greenbriar for the amount of $1024. More specifically, Greenbriar verified the validity of the debt within the "Collections" section of the report on August 1, 2008- after the discharge, and continues to report a balance as of December 1, 2009. Greenbriar continues to report this debt even though Greenbriar had notice of and reported the debt discharged through bankruptcy as of July 16, 2008 to Experian.

b. Greenbrair reported, and continues to report, to Trans Union that Plaintiff has an outstanding balance with, and remains personally liable to, Greenbriar for the amount of $1024. More specifically, Greenbriar verified the validity of the debt within the "Collections" section of the report on October 21, 2009 – in excess of one year from the date of discharge. Greenbriar continues to report this debt even though Greenbriar had notice of and reported the debt discharged in bankruptcy as of July 16, 2008 to Experian.

c. Straight Arrow reported, and continues to report, to Trans Union that Plaintiff has an outstanding balance with, and remains personally liable to, Straight Arrow for the amount of $1260.00. More specifically, Straight Arrow verified this debt within the "Collections" sections of Trans Union as having been placed for collection on December 11, 2008- in excess of five (5) months after the discharge. Straight Arrow continues to report this debt even though Straight Arrow had notice of and reported the debt discharged in bankruptcy as of July 16, 2008 to Experian.

    d. HCBC reported, and continues to report, to both Trans Union and Equifax that Plaintiffs have an outstanding balance with, and remain personally liable to, HCBC for the amounts of $150.00 and $10.00. More specifically, HCBC verified the validity of the $150.00 debt within the "Collections" section of the Equifax report on September 1, 2008 – in excess of two (2) months after the date of discharge and continues to report this balance as of July 1, 2009. HCBC verified the validity of the $150.00 debt within the "Collections" section of the Trans Union report on July 7, 2009 – almost one (1) year after the date of discharge. HCBC also continues to report a balance of $10.00 due and owing as of January 1, 2009 on the Equifax report. HCBC was listed as a creditor within Amended Schedule F- Creditors Holding Unsecured Nonpriority Claims of Plaintiffs' voluntary bankruptcy petition as having a claim in the amount of $154.00.

12. HCBC obtained knowledge of Plaintiffs' discharge on at least two separate occasions, i.e. receipt of the BNC Certificate of Service – Meeting of Creditors and the BNC Certificate of Service – Order of Discharge.

13. Defendants have intentionally, willfully and maliciously failed to implement reasonable procedures to insure that Plaintiffs' accounts are reported as having "0" balances as contemplated by the Fair Credit Reporting Act. The FTC's Official Staff Commentary § 607 item 6 states that "a consumer report may include an account that was discharge in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt." Notwithstanding that the Federal Trade Commission's Staff Commentary lacks

substantive precedential esteem it is persuasive in that it provides an explanation of the phrase "reasonable procedures."

14. Notwithstanding that Defendants properly update numerous accounts each month they have intentionally, maliciously and willfully refused to do so with Plaintiffs, and other similarly situated consumers. More specifically, Defendants have a policy to refuse to properly update credit files of consumers who have obtained debt relief through the U.S. Bankruptcy Code.

15. As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy Court of the Middle District of Alabama, "[t]he sheer number of . . . cases [filed for a creditor's failure and/or refusal to update a discharged debtor's credit reports] may suggest that some creditors are systematically taking such action in an effort to diminish the value of a discharge in bankruptcy."[2]

16. Defendants have promised, through their subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy but have willfully, maliciously, recklessly, wantonly and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiffs' credit reports.

17. Defendants have a policy to "park" their accounts on at least one of Plaintiffs' credit reports. This industry-specific term refers to keeping a false balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

---

[2] In re Norma, 2006 WL 2818814 (Bankr. M.D. Ala. September 29, 2006).

18. Defendants have agreed to and understand they must follow the requirements of the FCRA including, but not limited to, the following:

   a. 15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[3]

   b. 15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if –

      (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

      (ii) the information is, in fact, inaccurate."

   c. 15 U.S.C. § 1681(a)(2) which states, "[a] person who –

      (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

      (B) has furnished to a consumer reporting agency information that the person <u>determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate,</u> and shall not thereafter furnish to the agency any of the information that remains not complete or accurate." (emphasis supplied).

---

[3] As indicated herein, Defendants obtained knowledge of Plaintiff's discharge.

19. Defendants know that "parking" balances, to intentionally and maliciously coerce consumers into paying discharged debts, will lead to the publication of false and defamatory information every time Plaintiffs' credit reports are accessed. Because Plaintiffs' credit reports have been accessed since the discharge, such false information has been published to third parties.

20. All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

21. Defendants' actions – engaging in a pattern and practice of wrongful and unlawful behavior, i.e. attempting to collect upon discharged debts – were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiffs, with the knowledge that their actions would very likely harm Plaintiffs, and that their actions were taken in violation of the law.

22. The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, ADTPA, federal law, and state law of Defendants, regarding Plaintiffs' discharged debts, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs proximately causing Plaintiffs to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiffs will in the future continue to suffer.

**Defendants Equifax and Trans Union:**

23. Defendants have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish and continue to publish, in consumer credit reports in violation of 15 U.S.C. §1681(e)(b).

24. Indisputably, based upon sheer volume of factually identical actions, Defendants should reasonably be aware of the inadequacy of their procedures and implement policies to improve the accuracy of the information they publish. The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, result from procedures followed by its sources of information."

25. Defendants' intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs proximately causing Plaintiffs to suffer severe emotional distress, mental and physical pain, embarrassment, and humiliation which Plaintiffs will in the future continue to suffer.

## COUNT ONE
### Defendants Greenbriar, Straight Arrow, HCBC, Equifax and Trans Union
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq.*

26. Plaintiffs incorporate by reference herein paragraphs one (1) through twenty-five (25).

27. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

    a. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiffs, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

    b. By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

   c. By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

   d. Invading the privacy of Plaintiffs; and

   e. Failing in their duty to prevent foreseeable injury to Plaintiffs.

28. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiffs.

29. As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiffs' actual, compensatory, and statutory damages, if applicable punitive damages, and costs and attorney's fees under the FCRA.

**COUNT TWO**
**Defendants Greenbriar, Straight Arrow and HCBC**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692,** *et seq.*

30. Plaintiffs incorporate herein by reference paragraphs one (1) through twenty-nine (29).

31. Defendants attempted to collect a consumer debt allegedly owed by Plaintiffs and the obligation required Plaintiffs to pay money arising out of transactions for personal, family, and household purposes. More specifically, Defendants violated the FDCPA by taking one or more of the following actions against Plaintiffs:

    a. Attempting to collect a debt by reporting and/or allegedly verifying a balance within the "Collections Account" section of at least one of Plaintiffs' credit reports when there is no legal right to collect the discharged debt;

    b. Taking illegal actions against Plaintiffs;

    c. Refusing to properly update Plaintiffs' accounts;

    d. Failing to show the accounts as being "disputed" by Plaintiffs; and

    e. Reporting the invalid debt on Plaintiffs' credit reports.

32. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard for Plaintiffs' rights.

33. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiffs for a declaratory judgment that their conduct violated the FDCPA, and Plaintiffs' actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, civil liability [Section 813 of Pub. Law].

**COUNT THREE**
**ALL DEFENDANTS**
**VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT**
**ALA. CODE 1975 § 8-19-3,** *et seq.*

34. Plaintiffs incorporate herein by reference paragraphs one (1) through thirty-three (33).

35. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

36. Such conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code §8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

37. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiffs relied upon such representation as being lawful, yet such conduct is prohibited.

38. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same scrupulous, unethical, unfair and deceptive acts and practices.

39. Defendants' unfair and deceptive acts have proximately caused emotional and actual damages, and Defendants are liable to Plaintiffs for such injury.

## COUNT FOUR
## DEFENDANTS GREENBRIAR, STRAIGHT ARROW AND HCBC
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

40. Plaintiffs incorporate herein by reference paragraphs one (1) through thirty-nine (39).

41. Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiffs.

42. As a proximate consequence of Defendants' negligence, Plaintiffs have been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FIVE
## DEFENDANTS GREENBRIAR, STRAIGHT ARROW AND HCBC
## HARASSMENT

43. Plaintiffs incorporate by reference herein paragraphs one (1) through forty-two (42).

44. Defendants' acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiffs' well being. Defendants' harassing

collection tactics, and/or refusal to assure the accuracy of the information published regarding Plaintiffs, created a hostile environment for Plaintiffs.

45. As a proximate consequence of Defendants' harassment, Plaintiffs have been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SIX
## ALL DEFENDANTS
## INVASION OF PRIVACY

46. Plaintiffs incorporate by reference herein paragraphs one (1) through forty-five (45).

47. Defendants' conduct, as described herein, constitutes an invasion of Plaintiffs' privacy in that it intrudes into Plaintiffs' private life, publishes private facts regarding Plaintiffs, and places Plaintiffs in a false light in the eyes of those to whom the publications are made.

48. Defendants' actions were done maliciously, without privilege, and with a willful intent to injury Plaintiffs.

49. As a proximate consequence of Defendants' invasion of Plaintiffs' privacy, Plaintiffs have been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SEVEN
## ALL DEFENDANTS
## DEFAMATION

50. Plaintiffs incorporate by reference herein paragraphs one (1) through forty-nine (49).

51. Defendants published false information about Plaintiffs by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

52. Likewise, Defendants published false information about Plaintiffs each time Plaintiffs' credit reports were accessed – which was the result intended by Defendants.

53. The publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiffs.

54. As a proximate consequence of Defendants' false reporting or publishing, Plaintiffs has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT EIGHT
### DEFENDANTS GREENBRIAR, STRAIGHT ARROW AND HCBC
### INTENTIONAL MISREPRESENTATION

55. Plaintiffs incorporate by reference herein paragraphs one (1) through fifty-four (54).

56. Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely represented to others that Plaintiffs owes money to that Defendant.

57. Defendants intend that those who review the credit reports of Plaintiffs will rely upon the misrepresentations and suppressions of material fact related to the balance owed and the lack of indication that the account was discharged in bankruptcy.

58. Defendants intended that the justifiable and reasonable reliance by others would adversely affect Plaintiffs.

59. As a proximate consequence of Defendants' intentional misrepresentation, Plaintiffs have been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT NINE
### DEFENDANTS GREENBRIAR, STRAIGHT ARROW AND HCBC
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiffs incorporate by reference herein paragraphs one (1) through fifty-nine (59).

61. Defendants' conduct, as described herein, was reckless and/or intentional, and performed with disregard for the rights of Plaintiffs.

62. As a proximate consequence of Defendants' extreme and outrageous conduct, Plaintiffs has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT TEN
### ALL DEFENDANTS
### DECLARATORY AND INJUNCTIVE RELIEF

63. Plaintiffs incorporate by reference herein paragraphs one (1) through sixty-two (62).

64. A dispute exists as to whether Defendants have violated the FDCPA, FCRA, ADTPA, federal law or state law.

65. Plaintiffs are entitled to injunctive relief, a declaratory judgment, and a determination that Defendants violated the FDCPA, FRCA, ADTPA, federal law, and state law, and Plaintiffs are similarly entitled to an order enjoining said acts.

66. As a result of Defendants' actions, omissions and violations, Plaintiffs are entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

67. Defendants' action, omissions, and violations, as alleged herein, constitute the negligent and intentional infliction of mental and emotional distress upon Plaintiffs, proximately

causing Plaintiffs to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

**WHEREFORE, THE ABOVE PREMISES CONSIDERED,** Plaintiffs respectfully pray that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Enter injunctive relief and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award Plaintiffs actual damages;

c) Award Plaintiffs punitive damages;

d) Award Plaintiffs statutory damages where applicable;

e) Award Plaintiffs compensatory damages for mental and emotional distress, humiliation and embarrassment;

f) Award Plaintiffs reasonable attorney's fees and costs of this litigation; and

g) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 2nd day of March 2010.

/s/ Jennifer A. Smith
Jennifer A. Smith (SMI313)
*Attorney for Plaintiff*

OF COUNSEL:
**VICKERS & WHITE, PLLC**
428 South Lawrence Street
Montgomery, AL 36111
Telephone: (334) 269-1192
Facsimile: (334) 239-7408

**THE DEDENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

GREENBRIAR APARTMENTS
4604 Virginia Loop Road
Montgomery, AL 36116

HOLLOWAY CREDIT BUREAU COMPANIES, LLC
Kent L. Holloway
807 Franklin Street
Huntsville, AL 35801

RESULT MATRIX, INC d/b/a STRAIGHT ARROW SCREENING
Keith A. Clifton
1550 Bray Central Drive, Suite 202
McKinney, TX 75069

EQUIFAX INFORMATION SERVICES, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104

TRANS UNION, LLC
c/o Prentice-Hall Corporation System, Inc.
150 South Perry Street
Montgomery, AL 36104