IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TRACY WEDGEWORTH and SUSIE WEDGEWORTH, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Case No. 02:10cv184-WHA |
| GREENBRIAR APARTMENTS, etc. et al., | ) ) | (WO) |
| Defendants. | ) | |

**ORDER**

This cause is before the court on a Motion for Partial Dismissal filed by Trans Union LLC (Doc. #12), and a Motion to Dismiss and Alternatively, Motion for more Definite Statement filed by Defendant Result Matrix (Doc. #16).

The Plaintiffs, Tracy Wedgeworth and Susie Wedgeworth, filed a Complaint in this case on March 2, 2010, bringing claims for violations of the Fair Credit Reporting Act (Count One), the Fair Debt Collection Practices Act (Count Two), the Alabama Deceptive Trade Practices Act (Count Three), and claims for negligence, reckless, and wanton conduct (Count Four).

TransUnion filed its Motion for Partial Dismissal on March 26, 2010, and Result Matrix, Inc. d/b/a Straight Arrow ("Straight Arrow") filed its Motion to Dismiss on March 30, 2010.

With leave of court, the Plaintiffs filed an Amended Complaint on April 27, 2010. In the Amended Complaint, they added Professional Debt Mediation, Inc. as a Defendant in all counts of the Amended Complaint. The Amended Complaint also substantially altered the Plaintiffs' theories with regard to the statutory violations allegedly committed by Straight Arrow.

In its Motion for Partial Dismissal, Trans Union contends that the court must dismiss the Plaintiffs' requests for equitable, declaratory, or injunctive relief because a private plaintiff

cannot seek those forms of relief under the FCRA.  These requests are asserted in the original and Amended Complaint.  This court has recently concluded that there is no private right to equitable relief in the form of declaratory relief or injunctive relief.  *See Hamilton v. DirectTV, Inc.*, 642 F. Supp. 2d 1304 (M.D. Ala. 2009) (Albritton, J.).  This conclusion is in line with the majority of courts which have concluded that there is no private right of injunctive relief because the FCRA lists relief available to individuals without listing injunctive relief, but allows the Federal Trade Commission to seek injunctive relief.  *See, e.g., Washington v. CSC Credit Services, Inc.*, 199 F.3d 263 (5th Cir. 2000); *Jones v. Sonic Automotive, Inc.*, 391 F. Supp. 2d 1064 (M.D. Ala. 2005) (Fuller, C.J.) .  Therefore, TransUnion's Motion is due to be GRANTED and the injunctive and declaratory relief requests are due to be dismissed from the case.

      Originally, Straight Arrow moved to dismiss the Complaint on the basis, in part, that the Plaintiffs had not alleged that any debt reported by Straight Arrow was discharged in bankruptcy, or that Straight Arrow had such knowledge of such discharge in bankruptcy.

      In response, the Plaintiffs filed an Amended Complaint, clarifying that Straight Arrow, Defendant Greenbriar Apartments, and Defendant Professional Debt Mediation, Inc. are not alleged to have reported a discharged debt, but instead are alleged to have reported a debt as owing to all three, when in fact the debt can only be owed to one Defendant.

      Straight Arrow continues to maintain that the Amended Complaint is deficient.  The original Motion to Dismiss is, however, directed to the allegations of the original Complaint.  The Plaintiffs also have not had the opportunity to respond to all of the arguments Straight Arrow has now raised in connection with the allegations of the Amended Complaint.  Therefore, it appears to the court that the best way to proceed is to deny Straight Arrow's Motion to Dismiss

as being mooted by the Amended Complaint, and giving Straight Arrow additional time in which to file a new Motion to Dismiss directed only at the allegations of the Amended Complaint.

Accordingly, it is hereby ORDERED as follows:

1. The Motion for Partial Dismissal filed by Trans Union LLC (Doc. #12) is GRANTED and the request for declaratory and injunctive relief is DISMISSED from the Amended Complaint.

2. The Motion to Dismiss and Alternatively, Motion for more Definite Statement filed by Defendant Result Matrix, Inc. d/b/a Straight Arrow (Doc. #16) is DENIED as moot. Defendant Result Matrix, Inc. d/b/a Straight Arrow is given until May 14, 2010 to file a new dismissal motion, should it choose to do so. The Plaintiffs are given until May 21, 2010 to file a response to any motion that may be filed by Result Matrix.

Done this 4th day of May, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE