IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TRACY WEDGEWORTH and SUSIE )
WEDGEWORTH, )
  )
    Plaintiff, )
v. )   Case No. 02:10cv184-WHA
  )
RESULT MATRIX, INC., etc. et al., )      (wo)
  )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

This cause is before the court on a Second Motion to Dismiss and Alternatively, Motion for more Definite Statement, filed by Defendant Result Matrix (Doc. #50).

The Plaintiffs, Tracy Wedgeworth and Susie Wedgeworth, filed a Complaint on March 2, 2010, bringing claims for violation of federal statutes and state law against several different defendants.

With leave of court, the Plaintiffs filed an Amended Complaint on April 27, 2010, naming as Defendants Greenbriar Apartments, Holloway Credit Bureau Companies ("HCBC"), Result Matrix, Inc. d/b/a Straight Arrow Screening ("Result Matrix"), Trans Union LLC, and Professional Debt Mediation, Inc.  The filing of the Amended Complaint mooted Defendant Result Matrix's then-pending Motion to Dismiss.  The Amended Complaint brings claims against all Defendants for violations of the Fair Credit Report Act ("FCRA") (Count One); against Defendants Greenbriar, Result Matrix, HCBC, and Professional for violations of the Fair Debt Collection Practices Act ("FDCPA") (Count Two); against all Defendants for violation of

the Alabama Deceptive Trade Practices Act (Count Three); against Defendants Greenbriar,

Result Matrix, HCBC and Professional for negligence, and reckless and wanton conduct (Count

Four); against Defendants Greenbriar, Result Matrix, HCBC and Professional for harassment

(Count Five); against all Defendants for invasion of privacy (Count Six); against all Defendants

for defamation (Count Seven); against Greenbriar, Result Matrix, HCBC and Professional for

intentional misrepresentation (Count Eight); against Greenbriar, Result Matrix, HCBC, and

Professional for intentional infliction of emotional distress (Count Nine), and against all

Defendants for declaratory and injunctive relief (Count Ten).

The court gave Result Matrix additional time in which to file a new Motion to Dismiss,

and when Result Matrix did so, the court gave the Plaintiffs until June 8, 2010 to show cause

why the motion ought not be granted.  The Plaintiffs filed a response two days after the court's

deadline, without an explanation for their delay.[1]  For reasons to be discussed, the Motion to

Dismiss, or in the Alternative for More Definite Statement, is due to be GRANTED in part and

DENIED in part.

## II.  MOTION TO DISMISS

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S.

69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399,

1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a two-

prong approach: one, the court is not bound to accept conclusory statements of the elements of a

cause of action and, two, where there are well-pleaded factual allegations, a court should assume

---

[1] The court cautions the Plaintiffs that failure to file a response within the time allowed
by the court may cause the court to consider any future motion to be unopposed.

their veracity and then determine whether they plausibly give rise to entitlement to relief.   *See*

*Ashcroft v. Iqbal,* _ U.S. _,  129 S.Ct. 1937, 1949-50 (2009).   "[A] plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007).  *Id.*  (citation omitted).   To survive a motion to dismiss, a

complaint need not contain "detailed factual allegations," but instead the complaint must contain

"only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.   The factual

allegations  "must be enough to raise a right to relief above the speculative level."  *Id*. at 555.

### III.  FACTS

The allegations of the Plaintiff's Amended Complaint which involve the movant, Result

Matrix, are as follows:

The Plaintiffs, Tracy Wedgeworth and Susie Wedgeworth are alleged to be consumers.

Result Matrix is a corporation that furnishes information on consumers to consumer

reporting agencies.   Result Matrix reported, and continues to report, to Trans Union that the

Plaintiffs have an outstanding balance of $1260.00.  The Plaintiffs state that this debt was

verified within the "Collections" section of Trans Union as having been placed for collection.

The Plaintiffs state that the same debt is also reported by other Defendants, but only can be owed

once.

### IV.  DISCUSSION

Result Matrix has moved to dismiss, or alternatively for more definite statement, on the

basis that the Plaintiffs have pled conclusory allegations that do not establish a prima facie case

of violations of the FCRA or the FDCPA, that the FDCPA claims are barred by the statute of limitations, and that the state law claims are preempted by the FCRA.

### A.  FDCPA Claim

Result Matrix contends that the Plaintiffs' original Complaint violates the one-year FDCPA statute of limitations because the alleged violation of the FDCPA was the reporting of an alleged debt to a credit reporting agency on December 11, 2008, but the Complaint was not filed until March 2, 2010.

The Plaintiffs do not dispute that there is a one-year statute of limitations under the FDCPA, but contend that the violation did not occur on the date of reporting, but when the consumer knew or should have known of the violation, citing non-binding authorities *Shah v. Collecto*, No. 2004-4059, 2005 WL 2216242 (D. Md. Sept. 12, 2005) and *Roybal v. Equifax*, 405 F. Supp. 2d 1177 (E.D. Cal. 2005).[2]

Result Matrix analogizes the FDCPA to the FCRA, and states that there is no discovery rule for the running of the statute of limitations under the FDCPA, just as there is no discovery rule under the FCRA, citing *TRW Inc. v. Andrews*, 534 U.S. 19, 28 (2001).

The nature of the Plaintiff's FDCPA claim against Result Matrix is somewhat unusual because the Plaintiffs contend that Result Matrix improperly attempted to collect a debt which does not exist, by reporting or verifying a balance within the collections account section of Plaintiffs' credit reports, and failing to update the accounts.  Amended Complaint at ¶ 34.  This

---

[2] Although the Plaintiffs cited *Roybal* as supporting their argument, the court assumed rather than deciding, that the action accrued when information was reported, and concluded the FDCPA claim was time-barred whether the statute ran from the reporting date, or the discovery date.  *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 & n. 4 (E.D. Cal. 2005).

is not an allegation of the traditional FDCPA claim, which typically arises where there is a challenged communication with the debtor, such as a letter, which constitutes an attempt to collect a debt.

In a decision cited by Result Matrix, *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995), debt collectors mailed a letter to the plaintiff and the plaintiff received the letter several days later. The plaintiff in *Maloy* filed suit challenging the letter as an improper attempt to collect a debt more than one year after the letter was sent, but within a year of when the plaintiff received the letter. The court held that the day after the collections letter was mailed, rather than the date the plaintiff received the letter, was the day upon which the FDCPA violation occurred. *Id.*

The court concludes that the Eleventh Circuit's holding in *Maloy* also logically applies in this case. Although the Plaintiffs do not allege a violation date in their Amended Complaint, assuming that they could more specifically plead the date on which they learned of the alleged violation, according to binding precedent in this Circuit, the statute did not begin to run on the date on which the Plaintiffs read the entry on their credit report, just as it did begin to run on the date on which the debtor in *Maloy* received the letter, but instead the statute of limitations began to run on the date of the alleged violation.

The allegations of the Amended Complaint do not give any dates other than August 1, 2008 and December 11, 2008, as being dates upon which Result Matrix made reports concerning debts of the Plaintiffs. Accordingly, it appears to the court that the Plaintiffs' FDCPA claims against Result Matrix are time-barred. As earlier stated, however, the Plaintiffs do not allege an FDCPA violation date in the Amended Complaint. The court will, therefore, dismiss the

FDCPA claims without prejudice, and grant the Motion for More Definite Statement to give the Plaintiffs an opportunity to file an Amended Complaint which specifies a date of the alleged FDCPA violation, if the Plaintiffs choose to do so.  In deciding whether to file an amendment to the FDCPA claim against Result Matrix the Plaintiffs should consider whether they can allege, consistent with the requirements of Rule 11 of the Federal Rules of Civil Procedure, a FDCPA violation date that is within a year of the filing of their Complaint.

### B.  FCRA Claim

Result Matrix argues that the Plaintiffs' FCRA claim against it incorporates factual allegations dealing with a debt that was discharged in bankruptcy.  While it is true that the Amended Complaint incorporates factual paragraphs dealing with debts discharged in bankruptcy, the facts as alleged concerning Result Matrix involve a separate debt.  Amended Complaint at ¶¶10-12.  Therefore, the FCRA claim is not due to be dismissed on that basis.

Result Matrix also argues to the extent that there are allegations in the Amended Complaint concerning a debt reported that is separate from debts discharged in bankruptcy, the Plaintiffs have failed to allege that there is an inaccurate report to the credit reporting agency.

The Plaintiffs, although urging the court not to dismiss their FCRA claims, do not respond directly to the grounds for dismissal argued by Result Matrix.

The statutory sections of the FCRA which the Plaintiffs alleged have been violated in this case are § 1681e(b),[3] 1681i, and 1681s-2.

---

[3] The Amended Complaint actually cites 15 U.S.C. § 1681(e)(b), but finding no such section, the court presumes the intent was to allege a violation of § 1681e(b).

Section 1681e(b) states that a consumer reporting agency shall follow reasonable procedures to assure maximum accuracy of information.  In order to make out a prima facie violation of this section, "a consumer must present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information."  *Cahlin v. General Motors Acceptance Corp.,* 936 F.2d 1151, 1156 (11th Cir. 1991).  Result Matrix is not alleged to be a consumer reporting agency.  Therefore, no claim for violation of this provision is stated as against Result Matrix.

Section 1681i also speaks in terms of the duty of consumer reporting agencies and so would not apply to the allegations against Result Matrix.

Section 1681s-2 governs the responsibilities of furnishers of information to consumer reporting agencies.  Duties are imposed under 1681s-2(a) and (b).   Section 1681s-2(d) states that "Subsection (a) of this section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section." 15 U.S.C. § 1681s-2(d).  Courts addressing the issue appear to conclude that there is no private right of action under § 1681s-2(a).  *See, e.g.*, *Green v. RBS Nat. Bank,* 288 Fed. Appx. 641, 642 (11th Cir. 2008), *cert. denied*, --- U.S. ----, 129 S.Ct. 929 (2009); *Antoine v. State Farm Mut. Auto Ins. Co.,* 662 F. Supp. 2d 1318, 1327 (M.D. Fla. 2009); *Knudson v. Wachovia Bank*, 513 F. Supp. 2d 1255, 1260-61 (M.D. Ala. 2007)(Albritton, J.).  Therefore, no claim is stated in this case for violation of § 1681s-2(a).

 Section 1681s-2(b) of the FCRA sets out duties owed by a furnisher of information once the furnisher of information has received notice of a dispute with regard to the completeness or accuracy of information provided to a consumer reporting agency.  A furnisher of information,

has no duty under § 1681s-2(b) until a consumer reporting agency, and not a consumer, provides notice to the furnisher of information of a dispute.  *Yelder v. Credit Bureau of Montgomery, LLC,* 131 F. Supp. 2d 1275, 1289 (M.D. Ala. 2001)(Albritton, J.).   The Amended Complaint in this case does not so allege.  Although the Amended Complaint refers to a failure to report information after notice of errors, it does not allege that a consumer reporting agency gave notice of a dispute to Result Matrix.  Therefore, the FCRA claim is due to be dismissed.  The court will, however, give the Plaintiffs an opportunity to amend the Amended Complaint, if they choose to do so, and can file an amendment, within the requirements of Rule 11, that alleges that notice of a dispute was given to Result Matrix by a consumer reporting agency.

### C.  State Law Claims

Result Matrix has advanced two grounds for dismissal of the state law claims.  Result Matrix argues in its Reply that the state law claims for defamation and invasion of privacy are preempted based on 15 U.S.C. § 1681t(b)(1)(F)(ii).  Because this was an argument raised for the first time in the Reply, the court gave the Plaintiffs additional time to respond to this argument.

In their response, the Plaintiffs state that their defamation and invasion of privacy claims are not preempted based on 15 U.S.C. § 1681h(e).

Although the preemptive provisions within the FCRA are subject to different interpretations, the better reasoned view, and the view this court has adopted in previous cases, is that § 1681t(b)(1)(F) preempts state law as to conduct regulated by § 1681s-2, and that the malice or willful intent to injure provision in § 1681h(e) affect that preemption provision unless the claims are brought against the categories of defendants covered by § 1681h(e), namely, consumer reporting agencies or users of credit reports.  *See Knudson v. Wachovia Bank*, 513 F.

Supp. 2d 1255, 1260 (M.D. Ala. 2007)(Albritton, J.); *see also Sigler v. RBC Bank*, No.

3:09cv615-MEF, 2010 WL 1904332 (M.D. Ala. May 10, 2010); *Barberan v. Nationpoint*, __ F.

Supp. 2d __, No. 07-cv-11595, 2010 WL 1529324 at *17 n. 16 (S.D.N.Y. March 2, 2010).

Result Matrix is not alleged to be a consumer reporting agency or a user of credit reports, within

the meaning of the FCRA.  Therefore, the court concludes that § 1681h(e) does not apply in this

case, and instead, § 1681t(b)(1)(F) applies.

　　　　Section 1681t(b)(1)(F) preempts state law claims that implicate the duties of Result

Matrix as a furnisher of information to consumer reporting agencies.  *See Sigler*, 2010 WL

1904332 at *5.  Some of the Plaintiffs' state law claims implicate those duties and, therefore, are

preempted.  *See id.* (finding defamation and invasion of privacy claims preempted); *Knudson*,

513 F. Supp. 2d at 1257 (finding defamation, invasion of privacy, Consumer Protection Act, and

negligence claims preempted).  Result Matrix, however, only seeks dismissal on preemption

grounds of the defamation and invasion of privacy claims. Doc. #60 at pages 5-6.  Therefore, the

court will only grant the relief requested at this point in the proceedings.[4]

　　　　The court having concluded that the Plaintiffs should have an opportunity to amend their

Amended Complaint to more adequately plead their federal claims, the court will deny Result

Matrix's request that the court decline to exercise supplemental jurisdiction over the other state

law claims brought against Result Matrix.

---

　　　[4] Although not solicited by the court, the Defendants have also filed a reply to the
Plaintiffs' response to the preemption argument.  They do not, however, appear to expand the
scope of their requested relief with regard to preemption.  Furthermore, without argument from
the movant, and an opportunity to respond by the nonmovant, as to any other state law claims
which may fall within the duties contemplated by the FCRA, the court limits it analysis to the
relief requested.  Whether other state law claims are also preempted is an issue that can be raised
at the summary judgment stage.

## V.  CONCLUSION

For the foregoing reasons, the Motion to Dismiss and Alternatively, Motion for More Definite Statement is GRANTED in part and DENIED in part as follows:

1.  The Second Motion to Dismiss is GRANTED as to the Plaintiff's FCRA, FDCPA, and state law claims for defamation and invasion of privacy against Result Matrix.  The FCRA and FDCPA claims are DISMISSED without prejudice.

2.  The alternative Second Motion for More Definite Statement is GRANTED as to the FCRA and FDCPA claims.  The Plaintiffs are given until July 30, 2010 to file a new Amended Complaint, complete unto itself, should they choose to do so, and if they can do so within the requirements of Rule 11 of the Federal Rules of Civil Procedure, which more specifically states their FCRA and FDCPA claims against Result Matrix, specifically, the timing of the violation of the FDCPA, and the nature of the notice of dispute alleged in connection with the FCRA claim.

3.  The Motion to Dismiss is GRANTED as to the defamation and invasion of privacy claims and those claims are DISMISSED with prejudice.  The Motion to Dismiss is DENIED as to the other state law claims.


 Done this 15th day of July, 2010.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE